DAVID J. KRAUS AND PATRICIA ROSE KRAUS, HIS WIFE, PLAINTIFFS AND RESPONDENTS, v. ALBERT NEWMAN AND JEAN MAY NEWMAN, HIS WIFE, DEFENDANTS AND APPELLANTS.

No. 10031.
Submitted May 3, 1960. Decided May 27, 1960.
352 Pac. (2d) 261.

Russell K. Fillner, Forsyth, argued orally, for appellants.

Hugh J. Lemire, Miles City, argued orally, for respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from the district court of Custer County, Montana, from a judgment entered on a jury verdict directed by the district court.

In the district court, plaintiffs, by complaint in the usual form, sued upon a promissory note in the sum of $2,000 executed by the defendants. By answer defendants admitted the execution of the note, but denied all other allegations of the complaint. For an affirmative defense they alleged that the parties had executed an agreement contemporaneous with the execution of the note, by the terms of which the defendants had executed and delivered an assignment for contract of deed and a quitclaim deed to the plaintiffs, that upon payment of the note herein sued on the plaintiffs would reconvey the land and reassign the contract for deed, and further providing that if the lands were rented for pasture the plaintiffs would receive a specified sum per head.

By their reply, plaintiffs admitted the execution of the agreement and other documents and alleged that nothing had been paid on the promissory note in accordance with its terms or by virtue of the agreement, except the sum of $97.20, and that no security for the note now exists or existed at the commencement of the action.

On the day the cause came on for trial, defendants made a motion to amend their answer, which was denied by the court. At the conclusion of the testimony, following motion therefor made by the plaintiffs, the court directed the jury to bring in a verdict for the plaintiffs. Judgment was entered thereon and from such judgment this appeal was taken.

Defendants specify error by the district court in denying their motion to amend the answer; in its construction of the agreement; in not receiving certain exhibits in evidence; and in directing the verdict.

Insofar as the motion to amend the answer is concerned, it was made at the opening of the trial without prior notice, nearly six months after the original answer had been filed.

Under section 93-3905, R.C.M. 1947, such a motion is addressed to the sound discretion of the court. There is herein no showing of an abuse of such discretion which in any manner prejudiced the defendants.

As to the construction placed upon the agreement of which the defendants complain, it was their contention at the trial that if they failed to make the payment as provided in the promissory note they would not be entitled to a reassignment of the contract or a quitclaim deed to the premises, and thereafter the land would be owned by the plaintiffs. Plaintiffs, however, contended that the agreement providing for the quitclaim deed and assignment of the contract for deed was merely security for the repayment of the note, and that it had become valueless. It must not be overlooked that the contract for deed which was assigned to the plaintiffs was one in which the defendants were purchasers and by the terms thereof required to make additional payments. If such payments were not made the contract would be in default, and according to the proof in this action that is exactly what occurred. The defendants did not make the required payments to keep the contract in good standing and were served with notice of termination and it was cancelled. Defendants up until the cancellation of the contract by the owner of the premises lived thereon and did not vacate the same until they had been served with the written default notice by the owner. It is difficult, in view of this showing, to reconcile defendants' theory that upon the execution of the documents the plaintiffs became the owners of the land and the defendants were only entitled to get it back when they repaid the note. Defendants contend that section 13-707, R.C.M. 1947, was not followed by the court upon the trial but was disregarded. Such section reads:

"The whole of a contract is to be taken together, so as to given effect to every part, if reasonably practicable, each clause helping to interpret the other."

It is most obvious to us that the court did consider all the documents together and correctly construed that the agreement was but security for the payment of the promissory note.

There is no merit with respect to the contended failure of the court to receive certain exhibits in evidence. It is apparent that the court considered them when it made its ruling holding they were merely security for the note.

As to the direction of the jury to bring in a verdict for the plaintiffs, this is permissible under section 93-5205, R.C.M. 1947, when a case presents only a question of law. Counsel for the defendants admitted that the note had not been paid and all they were seeking was that the court place a construction upon the agreement of the parties, the entire transaction. This the court correctly did and held the agreement to be one of security only, thus leaving but the matter of the promissory note. Admittedly it had not been paid and there existed no question to be submitted to the jury.

For these reasons, the judgment is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN and CASTLES concur.

MR. JUSTICE BOTTOMLY not participating.